**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re:<br><br>Zappos.com Data Breach Litigation | MDL Docket No_____ |

**MOTION OF DEFENDANT ZAPPOS.COM, INC. TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland (CA Bar No. 83013)
Scott M. Pearson (CA Bar No. 173880)
Brian C. Frontino (CA Bar No. 222032)
Jeffrey B. Bell (CA Bar No. 269648)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
E-mail: lacalendar@stroock.com

*Attorneys for Defendant Zappos.com, Inc., erroneously named as Amazon.com, Inc. d/b/a Zappos.com*

Pursuant to 28 U.S.C. § 1407, defendant Zappos.com, Inc., erroneously named as Amazon.com, Inc. d/b/a Zappos.com ("Zappos"), in the action entitled <u>Robert Ree v. Amazon.com, Inc. d/b/a Zappos.com</u>, District of Nevada Case No. 3:12-cv-00072 ("<u>Ree</u>"), respectfully moves this Panel to coordinate and transfer to the United States District Court for the District of Nevada all pending and yet-to-be-filed federal class action lawsuits against Zappos arising from the cyber attack Zappos suffered at the hands of a computer hacker in January 2012 (the "Incident").[1]

As discussed below and in the accompanying Brief in Support of this Motion, the pending actions listed in the accompanying Schedule of Actions satisfy the requirements for transfer and coordination because they all are based on the Incident and allege the same or similar claims on behalf of essentially the same putative nationwide class of Zappos customers. Moreover, centralization of the pending actions will promote efficiency and convenience to the parties, the witnesses and the judicial system.

In support of this Motion, Zappos states as follows:

1.  The named defendant in <u>Ree</u> is "Amazon.com d/b/a Zappos.com." However, the entity that actually was the victim of the Incident (and against which the allegations of the <u>Ree</u> complaint are made) is Zappos, which is a wholly owned subsidiary of Amazon.com, Inc. ("Amazon"). Amazon does not do business as "Zappos.com." Rather, the defendant in <u>Ree</u> is simply misnamed.

2.  <u>Ree</u> and all related litigation that Zappos seeks to coordinate relate to the Incident.

3.  Following the Incident, on January 15, 2012, Zappos sent an e-mail to its customers informing them that there may have been illegal and unauthorized access to some

---

[1] Zappos expressly reserves all defenses, both procedural and on the merits, including without limitation the rights to seek to compel arbitration on an individual basis and to oppose any attempt to certify a class.

1

customer account information on Zappos.com, including one or more of the following: names, e-mail addresses, billing and shipping addresses, phone numbers, the last four digits of stored credit card numbers, and/or cryptographically scrambled Zappos.com website passwords. Zappos also informed customers that the database that stores critical credit card and other payment data was <u>not</u> affected or accessed.

4. Following receipt of the above-referenced email from Zappos, plaintiff in <u>Ree</u>, Robert Ree ("Ree"), filed a lawsuit, alleging that Zappos inadequately protected him and the putative nationwide class's personal customer information, which led to its unauthorized disclosure to third parties.

5. Ree alleges, on behalf of himself and purportedly on behalf of a putative nationwide class of Zappos customers whose personal information allegedly was stolen during the Incident, that, as a result of the loss of their personal information, they have suffered harm through an increased "risk" of identity theft and financial crimes against their credit cards saved with Zappos for purchases on Zappos.com. Ree also alleges that the loss of his and the putative class's personal customer information requires them to incur costs monitoring their credit reports and financial accounts for fraudulent activity. Ree also claims that he and the putative class have suffered emotional distress from the anxiety of possible identity theft and financial crimes against them.

6. Based on the above, Ree alleges claims for: (1) willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 <u>et seq.</u> (the "FCRA"); (2) negligent violation of the FCRA; and (3) negligence. Pursuant to J.P.M.L. Rule of Procedure 6.1(b)(ii), accompanying this Motion is a Schedule of Actions containing a list of all pending federal actions related to the Incident (in addition to <u>Ree</u>) of which Zappos is aware, including the following: (1) <u>Stephanie Priera v. Amazon.com, Inc. d/b/a Zappos.com</u>, District of Nevada Case No. 2:12-cv-00182 ("<u>Priera</u>"); (2)

Theresa D. Stevens v. Amazon.com Inc. d/b/a Zappos.com Inc., Western District of Kentucky Case No. 3:12-cv-00032 ("Stevens"); (3) Stacy Penson v. Amazon.com Inc. d/b/a Zappos.com Inc., Western District of Kentucky Case No. 3:12-cv-00036 ("Penson"); (4) Tara J. Elliott, et al. v. Amazon.com Inc. d/b/a Zappos.com Inc., Western District of Kentucky Case No. 3:12-cv-00037 ("Elliott"); (5) Dahlia Habashy v. Amazon.com Inc. d/b/a Zappos.com, District of Massachusetts Case No. 1:12-cv-10145 ("Habashy"); (6) Sylvia St. Lawrence v. Zappos.com, Inc., Southern District of Florida Case No. 0:12-cv-60133 ("St. Lawrence"); (7) Josh Richards v. Amazon.com, Inc. d/b/a Zappos.com, Middle District of Florida Case No. 6:12-cv-00212 ("Richards"); and (8) Shari Simon, et al. v. Amazon.com, Inc. d/b/a Zappos.com, District of Nevada Case No. 2:12-cv-00232 ("Simon") (collectively, the "Actions"). With the exception of St. Lawrence, which correctly names Zappos as the defendant, all of the Actions inaccurately name "Amazon.com Inc. d/b/a Zappos.com" as a defendant. Zappos, not Amazon, is the real party in interest in all of the Actions.

7. The Actions are based on the very same conduct, and raise the same or similar claims, as alleged in Ree.

8. The Complaint in Priera, a putative nationwide class action also pending in the District of Nevada filed on February 2, 2012, alleges: (1) negligence; (2) invasion of privacy by public disclosure of private facts; (3) breach of contract; (4) breach of implied contract; and (5) false advertising.

9. The Complaint in Stevens, a putative nationwide class action filed on January 16, 2012, alleges: (1) willful violation of the FCRA; (2) negligent violation of the FCRA; (3) negligence; and (4) invasion of privacy by public disclosure of private facts.

10. The Complaint in <u>Penson</u>, a putative nationwide class action filed on January 19, 2012, alleges: (1) willful violation of the FCRA; (2) negligent violation of the FCRA; (3) negligence; and (4) invasion of privacy by public disclosure of private facts.

11. The Complaint in <u>Elliot</u>, a putative nationwide class action filed on January 20, 2012, alleges: (1) willful violation of the FCRA; (2) negligent violation of the FCRA; (3) negligence; and (4) invasion of privacy by public disclosure of private facts.

12. The Complaint in <u>Habashy</u>, a putative nationwide class action filed on January 24, 2012, alleges: (1) negligence; (2) invasion of privacy by public disclosure of private facts; and (3) breach of contract.

13. The Complaint in <u>St. Lawrence</u>, a putative nationwide class action filed on January 26, 2012, alleges: (1) breach of contract; (2) negligence; and (3) a claim for credit and identity theft monitoring/protection.

14. The Complaint in <u>Richards</u>, a putative nationwide class action filed on February 9, 2012, alleges: (1) negligence; (2) unjust enrichment; (3) willful violation of the FCRA; and (4) negligent violation of the FCRA.

15. The Complaint in <u>Simon</u>, a putative nationwide class action filed on February 14, 2012, alleges: (1) negligence; (2) invasion of privacy by public disclosure of private facts; (3) breach of contract; (4) breach of implied contract; (5) violation of California's Unfair Competition Law, Business & Professions Code section 17200 <u>et</u> <u>seq.</u>; (6) misleading advertising in violation of California Business & Professions Code section 17500 <u>et</u> <u>seq.</u>; and (7) violations of California Civil Code section 1798.80 <u>et</u> <u>seq.</u> and Washington Revised Code section 19.255.020 <u>et</u> <u>seq.</u>

LA 51517629

16. Given that Zappos notified all of its customers that they may have been affected by the Incident, and the fact that there have been nine federal class actions filed in less than a month, it is likely that there will be additional related federal class actions filed against Zappos.

17. Ree and the Actions share a common defendant, Zappos.

18. Zappos has appeared only in Stevens, Penson and Elliott solely for the purpose of seeking an extension of time for Zappos to respond to the Complaints in those actions.

19. Discovery has not commenced in any of the Actions.

20. Since all of the Actions were filed recently, no prejudice or significant inconvenience will result from the coordination and transfer of the Actions at this time.

21. Discovery in the Actions, and all subsequently-filed cases based on the same conduct, will be substantially similar and will involve the same or similar documents and witnesses because all such cases arise from the Incident. Thus, transfer and coordination will avoid substantial duplicative discovery.

22. Absent coordination and transfer of these cases to a single forum, there is a substantial risk of inconsistent rulings on discovery, class certification and other substantive issues.

23. Coordination and transfer of these cases will promote the convenience of the parties and witnesses, and help to ensure the just and efficient conduct of the litigation.

24. Coordination and transfer of these cases will result in significant conservation of judicial resources.

25. Ree and Priera already are pending in the District of Nevada.

26. Zappos's principal place of business is in the District of Nevada and the Terms of Use governing the Zappos.com website require the Actions to proceed in Nevada.

WHEREFORE, pursuant to 28 U.S.C. § 1407, Zappos respectfully moves this Panel for coordination and transfer to the United States District Court for the District of Nevada of the Actions with Ree, as well as any subsequently-filed, related federal class action lawsuits filed against Zappos relating to the Incident.

Dated: February 28, 2012

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland (CA Bar No. 83013)
Scott M. Pearson (CA Bar No. 173880)
Brian C. Frontino (CA Bar No. 222032)
Jeffrey B. Bell (CA Bar No. 269648)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959

By: /s/ Scott M. Pearson
     Scott M. Pearson

*Attorneys for Defendant Zappos.com, Inc., erroneously named as Amazon.com, Inc. d/b/a Zappos.com*