**BEFORE THE JUDICIAL PANEL ON**

**MULTIDISTRICT LITIGATION**

In Re:

Zappos.com Data Breach Litigation

MDL Docket No. _____

**BRIEF IN SUPPORT OF MOTION OF DEFENDANT ZAPPOS.COM, INC. TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland (CA Bar No. 83013)
Scott M. Pearson (CA Bar No. 173880)
Brian C. Frontino (CA Bar No. 222032)
Jeffrey B. Bell (CA Bar No. 269648)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
Email: lacalendar@stroock.com

*Attorneys for Defendant Zappos.com, Inc.,
erroneously named as Amazon.com, Inc. d/b/a
Zappos.com*

# I.      INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and Rule of Procedure 6.2 of the United States Judicial Panel on Multidistrict Litigation (the "Panel"), defendant Zappos.com, Inc., erroneously named as Amazon.com, Inc. d/b/a Zappos.com ("Zappos"), submits that all pending and yet-to-be filed federal class action lawsuits against Zappos, alleging various claims in connection with a cyber attack Zappos suffered in January 2012 (the "Incident"), should be transferred to the United States District Court for the District of Nevada.  These cases currently include the following:  (1) Robert Ree v. Amazon.com, Inc. d/b/a Zappos.com, District of Nevada Case No. 3:12-cv-00072 ("Ree"); (2) Stephanie Priera v. Amazon.com, Inc. d/b/a Zappos.com, Inc., District of Nevada Case No. 2:12-cv-00182 ("Priera"); (3) Theresa D. Stevens v. Amazon.com Inc. d/b/a Zappos.com Inc., Western District of Kentucky Case No. 3:12-cv-00032 ("Stevens"); (4) Stacy Penson v. Amazon.com Inc. d/b/a Zappos.com Inc., Western District of Kentucky Case No. 3:12-cv-00036 ("Penson"); (5) Tara J. Elliott, et al. v. Amazon.com Inc. d/b/a Zappos.com Inc., Western District of Kentucky Case No. 3:12-cv-00037 ("Elliott"); (6) Dahlia Habashy v. Amazon.com Inc. d/b/a Zappos.com, District of Massachusetts Case No. 1:12-cv-10145 ("Habashy"); (7) Sylvia St. Lawrence v. Zappos.com, Inc., Southern District of Florida Case No. 0:12-cv-60133 ("St. Lawrence"); (8) Josh Richards v. Amazon.com, Inc. d/b/a Zappos.com, Middle District of Florida Case No. 6:12-cv-00212 ("Richards"); and Shari Simon, et al. v. Amazon.com, Inc. d/b/a Zappos.com, District of Nevada Case No. 2:12-cv-00232 ("Simon") (collectively, the "Actions").[1]

The Actions all arise out of the Incident, assert identical or overlapping legal theories relating to the Incident and seek certification of substantially identical nationwide classes of

---

[1] In addition, an action has been filed in Nevada state court, entitled Metoyer v. Zappos Development, Inc., Clark County Case No. A-12-655516-C, arising from the Incident.

LA 51517665

Zappos's customers purportedly harmed by the Incident.[2] There plainly are tremendous efficiencies to be gained from centralization here because otherwise the same motions and the same discovery would proceed in nine separate lawsuits (and any additional lawsuits subsequently filed).  Furthermore, centralization would avoid the possibility of inconsistent rulings.  Because three of the lawsuits already are proceeding before the District of Nevada (and a state court action also is pending there) and Zappos is located in Nevada, centralization in Nevada will promote efficiency and convenience to the parties, the witnesses and the judicial system.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The Actions all arise from the Incident, a cyber attack against Zappos's computer infrastructure in mid-January 2012.  On January 15, 2012, Zappos sent an e-mail to its customers about the Incident, informing them that there may have been illegal and unauthorized access to some customer account information on Zappos.com, including one or more of the following: names, e-mail addresses, billing and shipping addresses, phone numbers, the last four digits of stored credit card numbers, and/or cryptographically scrambled Zappos.com website passwords. Zappos also informed customers that the database that stores credit card and other payment data was <u>not</u> affected or accessed.  Zappos expired and reset all customer passwords, required customers to create new passwords, and recommended that customers change their passwords on any other web site where customers use the same or a similar password as they use at Zappos.com.

---

[2] As stated in the Motion, in all of the pending actions Zappos seeks to transfer and coordinate other than the <u>St. Lawrence</u> case, plaintiffs incorrectly name as a defendant "Amazon.com, Inc., d/b/a Zappos.com." as a defendant.  However, the entity that actually was the victim of the Incident (and against which the allegations of the complaints are made) is Zappos, which is a wholly owned subsidiary of Amazon.com, Inc. ("Amazon").  Amazon does not do business as "Zappos.com."  Rather, Zappos is simply misnamed in the complaints.

2

Following receipt of the above-referenced e-mail from Zappos, plaintiffs filed the Actions, alleging that Zappos inadequately protected their personal customer information, which led to its unauthorized disclosure to third parties.  In each of the Actions, plaintiffs allege that, as a result of the theft of their personal information, they have suffered harm through an increased "risk" of identity theft and financial crimes against their credit cards saved with Zappos for purchases on Zappos.com.  Plaintiffs claim that the theft of their personal information requires them to incur costs monitoring their credit reports and financial accounts for fraudulent activity.  Plaintiffs also claim that they have suffered emotional distress from the anxiety they are experiencing due to the possibility of identity and financial crimes against them.  Based on the foregoing, plaintiffs assert the following claims in the Actions:  (1) violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"); (2) negligence; (3) invasion of privacy; (4) breach of contract; (5) unjust enrichment; and (6) false advertising.  Plaintiffs seek compensatory, consequential, statutory and punitive damages, restitution, disgorgement, injunctive relief, costs and attorneys' fees.  Plaintiffs each purport to bring their claims on behalf of essentially identical putative nationwide classes consisting of all Zappos customers whose information was stolen as a result of the Incident.

The Actions all were filed recently, the first on January 16, 2012, and the most recent on February 9, 2012.  To date, Zappos has appeared only in Stevens, Penson and Elliott and solely for the purpose of seeking an extension of time for Zappos to respond to the Complaints in those actions.  No formal dates have been set in any of the Actions, discovery has not commenced and the parties have not made any substantive motions.

### III.   ARGUMENT

Under 28 U.S.C. § 1407(a), the Panel may transfer federal civil actions for coordinated or consolidated pretrial proceedings where (1) the cases involve "one or more common questions of

fact," (2) the transfer "will be for the convenience of parties and witnesses," and (3) the transfer "will promote the just and efficient conduct of such actions."  Transfer pursuant to Section 1407 is intended "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."  Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing In re Plumbing Fixture Cases, 298 F. Supp. 484 (J.P.M.L. 1968)).  Here, application of the Section 1407 criteria compels transfer.[3]

**A.     The Actions All Arise From The Incident.**

By enacting 28 U.S.C. § 1407, Congress created a procedure for centralized management of pretrial proceedings under a single court's supervision when multiple, similar federal lawsuits are filed in numerous districts throughout the country.  U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc., 238 F. Supp. 2d 270, 274-76 (D.D.C. 2002); In re Air Crash off Long Island, N.Y. on July 17, 1996, 965 F. Supp. 5, 7 (S.D.N.Y. 1997); In re New York City Mun. Sec. Litig., 572 F.2d 49, 51 (2d Cir. 1978).  Among the factors considered is whether common questions of law are present.  In re Managed Care Litig., 246 F. Supp. 2d 1363, 1365-65 (J.P.M.L. 2003); In re S. African Apartheid Litig., 238 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002).  Here, the Actions all arise from the Incident and assert identical, or overlapping, legal theories.

Specifically, the Actions all allege that Zappos failed to safeguard the personal information of its customers in connection with the Incident.  Plaintiffs assert that Zappos breached its duty to protect its customers' personal information by allegedly:  (1) failing to maintain and/or execute reasonable procedures designed to prevent unauthorized access to

---

[3] Although Zappos believes that transfer pursuant to Section 1407 is warranted here, Zappos reserve all rights and defenses, including without limitation the rights to move to compel individual arbitration and to oppose class certification on the grounds that the elements of class certification cannot be satisfied in the Actions.

customers' personal information, (2) failing to protect and secure customers' personal information, (3) failing properly to transport customers' personal information, and (4) failing to encrypt customers' personal information in accordance with federal standards.  Based on these factual allegations, plaintiffs purport to allege claims for violations of the FCRA, violations of state false advertising statutes, and common law claims for invasion of privacy, breach of contract, negligence.  Because the Actions allege substantially identical facts and legal theories, transfer is appropriate.

**B.      Centralization Will Avoid Inconsistent Rulings.**

The Actions also should be coordinated in one district to avoid inconsistent or overlapping rulings on class certification and otherwise.  Each of the Actions seeks certification of essentially the same putative nationwide class consisting of all Zappos customers whose data was subject to the Incident.  The Panel consistently has held that when the risk of overlapping or inconsistent class determinations exists, transfer of actions to a single district for coordinated pretrial proceedings is necessary to eliminate the risk of inconsistent rulings, particularly those regarding class certification.  See In re Wireless Tel. 911 Calls Litig., 259 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003); In re Ford Motor Co. Crown Victoria Police Interceptor Prod. Liability Litig., 229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002).

**C.      Centralization Will Promote The Just And Efficient Resolution Of The Actions.**

Centralization in a single venue additionally will provide the most just and efficient manner of resolving disputes arising from the Incident.  Separate proceedings would result in needlessly duplicative discovery and also risk contradictory substantive (and class certification) rulings, which is inconsistent with the intent of 28 U.S.C. § 1407 in promoting just and efficient resolution of the Actions.  See, e.g., In re Novastar Home Mortgage Inc. Mortgage Lending Practices Litig., 368 F. Supp. 2d 1353, 1354 (J.P.M.L. 2005); In re Ocwen Fed. Bank FSB

5

Mortgage Serv. Litig., 314 F. Supp. 2d 1376, 1378 (J.P.M.L. 2004); In re Ford Motor Co., 229 F. Supp. 2d at 1378.  Centralization of the Actions therefore will "ha[ve] the salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any individualized concerns . . . to proceed concurrently with pretrial proceedings on mutual matters; and ii) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties."  In re Canon USA, Inc. Digital Cameras Prods., 416 F. Supp. 2d 1369, 1371 (J.P.M.L. 2006).

Centralization would benefit all parties and the court system as a whole because discovery and motion practice in the cases will overlap considerably.  Because the legal claims in the Actions are identical or substantially overlapping, the parties would be required to brief and have heard the same arguments multiple times, wasting judicial resources and creating the risk of inconsistent rulings.  In addition, plaintiffs in the Actions all undoubtedly will be seeking production of the same documents concerning the Incident, including any relevant materials relating to the Incident.  The same Zappos personnel who manage Zappos's databases and data security will be sought for deposition.  Absent centralization, the same discovery would be potentially sought multiple times.  See, e.g., In re Canon, 416 F. Supp. 2d at 1370.

In addition, each of the cases is in an early procedural stage, making this the ideal time to order transfer.  Zappos has not answered any of the complaints, no motions addressing the merits have been heard, and discovery has not yet commenced.

**D.      The Actions Should Proceed In The District Of Nevada.**

The District of Nevada is the most convenient forum for the Actions.  With respect to the convenience of the parties, the Ree and Priera actions already are pending in the District of Nevada, and transfer of the other actions will not inconvenience the other plaintiffs, who in many cases are not even residents of the states in which they filed their claims.  For example, plaintiff

6

in <u>Stevens</u>, pending in the Western District of Kentucky, is a Texas resident.  Plaintiff in <u>Penson</u>,

also pending in the Western District of Kentucky, is a Florida resident.  Plaintiffs in <u>Elliott</u>, also

pending in the Western District of Kentucky, are residents of Alabama.  Zappos, on the other

hand, is common to all of the Actions and maintains its principal place of business in the District

of Nevada.  Moreover, pursuant to the Zappos.com website Terms of Use, plaintiffs all are

contractually required to proceed in Nevada.

**IV.    CONCLUSION**

For the foregoing reasons, Zappos respectfully requests that the Panel grant the Motion

and transfer these actions to the District of Nevada for consolidated or coordinated pretrial

proceedings.


Dated:  February 28, 2012                    Respectfully submitted,

                                             STROOCK & STROOCK & LAVAN LLP
                                             Julia B. Strickland (CA Bar No. 83013)
                                             Scott M. Pearson (CA Bar No. 173880)
                                             Brian C. Frontino (CA Bar No. 222032)
                                             Jeffrey B. Bell (CA Bar No. 269648)
                                             2029 Century Park East
                                             Los Angeles, CA 90067-3086
                                             Telephone: (310) 556-5800
                                             Facsimile: (310) 556-5959
                                             Email: lacalendar@stroock.com


                                             By:    /s/ Scott M. Pearson
                                                    Scott M. Pearson

                                             *Attorneys for Defendant Zappos.com, Inc.,*
                                             *erroneously named as Amazon.com, Inc. d/b/a*
                                             *Zappos.com*

7