# U.S. District Court
## Western District of Kentucky (Louisville)
### CIVIL DOCKET FOR CASE #: 3:12-cv-00032-CRS-JDM

Stevens v. Amazon.com, Inc.                              Date Filed: 01/16/2012
Assigned to: Judge Charles R. Simpson, III              Jury Demand: Plaintiff
Referred to: Magistrate Judge James D. Moyer            Nature of Suit: 890 Other Statutory Actions
Demand: $5,000,000                                      Jurisdiction: Federal Question
related Case: 3:12-cv-00036-CRS
Cause: 28:1331 Fed. Question

**Plaintiff**

**Theresa D. Stevens**                      represented by    **Ben Barnow**
*On behalf of herself and all others similarly*              Barnow & Associates PC
*situated*                                                   One North LaSalle Street, Suite 4600
                                                             Chicago, IL 60602
                                                             312-621-2000
                                                             Fax: 312-641-5504
                                                             Email: b.barnow@barnowlaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Erich P. Schork**
                                                             Barnow & Associates PC
                                                             One North LaSalle Street, Suite 4600
                                                             Chicago, IL 60602
                                                             312-621-2000
                                                             Fax: 312-641-5504
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Mark K. Gray**
                                                             Gray & White
                                                             713 E. Market Street, Suite 200
                                                             Louisville, KY 40202
                                                             502-805-1800
                                                             Fax: 502-618-4059
                                                             Email: mgray@grayandwhitelaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Richard L. Coffman**
                                                             The Coffman Law Firm
                                                             505 Orleans, Suite 505
                                                             Beaumont, TX 77701
                                                             409-833-7700
                                                             Fax: 866-835-8250
                                                             Email: rcoffman@coffmanlawfirm.com
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amazon.com, Inc.**
*doing business as*
Zappos.Com, Inc

represented by   **Lisa Catherine DeJaco**
Wyatt, Tarrant & Combs LLP - Louisville
500 West Jefferson Street, Suite 2800
Louisville, KY 40202-2898
502-589-5235
Fax: 502-589-0309
Email: ldejaco@wyattfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/16/2012 | 1 | COMPLAINT against Amazon.com, Inc. Filing fee $ 350, receipt number 0644-1356253, filed by Theresa D. Stevens. (Attachments: # 1 Cover Sheet, # 2 Summons) (PRM) (Entered: 01/17/2012) |
| 01/16/2012 | 2 | Case Assignment (Random Selection): Case Assigned to Joseph H. McKinley, Jr.. (PRM) (Entered: 01/17/2012) |
| 01/16/2012 | 3 | Summons Issued as to Amazon.com, Inc.. **Counsel for Plaintiff is responsible for printing and serving the attached issued summons(es).** (PRM) (Entered: 01/17/2012) |
| 01/16/2012 | 4 | ORDER [eboc[ by Chief Judge Joseph H. McKinley, Jr on 1/17/2012; Referring Case to Magistrate Judge James D. Moyer for determination of nondispositive matters.cc:counsel (PRM) (Entered: 01/17/2012) |
| 01/23/2012 | 5 | SUMMONS Returned Executed by Theresa D. Stevens. Amazon.com, Inc. served on 1/18/2012, answer due 2/8/2012. (Attachments: # 1 Summons Issued for Service by Clerk of Court) (Gray, Mark) (Entered: 01/23/2012) |
| 01/24/2012 | 6 | ORDER REASSIGNING CASE by Chief Judge Joseph H. McKinley, Jr.: this matter is transferred to the Honorable Charles R. Simpson, III, for final disposition. All future pleadings shall be filed under the following Civil Action Number 3:12CV-32-S. cc:counsel, RK (JBM) (Entered: 01/24/2012) |
| 01/24/2012 | 7 | Case Assignment (Civil/Recusal/Reassignment): Case Assigned to Judge Charles R. Simpson III. (TLB) (Entered: 01/25/2012) |
| 01/27/2012 | 8 | MOTION for Richard L. Coffman to Appear Pro Hac Vice Filing fee $ 65, Receipt #L33029348. Responses due by 2/21/2012 (Attachments: # 1 Affidavit, # 2 Proposed Order) (SJS) (Entered: 01/27/2012) |
| 02/02/2012 | 9 | ORDER granting 8 Motion for Attorney Richard L. Coffman to Appear Pro Hac Vice. Signed by Judge Charles R. Simpson, III on 2/2/12. cc:counsel (JBM) (Entered: 02/02/2012) |
| 02/08/2012 | 10 | MOTION for Extension of Time to File Answer re 1 Complaint by Defendant Amazon.com, Inc. Responses due by 2/18/2012 (Attachments: # 1 Proposed Order) (DeJaco, Lisa) (Entered: 02/08/2012) |
| 02/09/2012 | 11 | ORDER granting 10 Motion for Extension of Time to Answer. Defendant shall have through 3/5/2012 to file a responsive pleading. Signed by Judge Charles R. Simpson, III on 2/9/12. cc:counsel (JBM) (Entered: 02/09/2012) |
| 02/13/2012 | 12 | MOTION for attorney Ben Barnow to Appear Pro Hac Vice. Filing fee $ 65. (receipt #L33029560) by Plaintiff Theresa D. Stevens; Responses due by 3/8/2012 (Attachments: # 1 Affidavit, # 2 Proposed Order) (JBM) (Entered: 02/13/2012) |
| 02/13/2012 | 13 | MOTION for Erich P. Schork to Appear Pro Hac Vice Filing fee $ 65. (receipt# L33029561) by Plaintiff Theresa D. Stevens. Responses due by 3/8/2012 (Attachments: # 1 Affidavit, # 2 |

| | | Proposed Order) (JBM) (Entered: 02/13/2012) |
|---|---|---|
| 02/15/2012 | 14 | ORDER granting 12 Motion for Attorney Ben Barnow to Appear Pro Hac Vice. Signed by Magistrate Judge James D. Moyer on 2/15/12. cc:counsel (JBM) (Entered: 02/15/2012) |
| 02/15/2012 | 15 | ORDER granting 13 Motion for Attorney Erich P. Schork to Appear Pro Hac Vice. Signed by Magistrate Judge James D. Moyer on 2/15/12. cc:counsel (JBM) (Entered: 02/15/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/23/2012 14:48:55 | | | |
| **PACER Login:** | ss0143 | **Client Code:** | 003243-0904-3353 |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-00032-CRS-JDM |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

THERESA D. STEVENS, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC. d/b/a ZAPPOS.COM,

Defendant.

Case No.: 3:12cv-32 M

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, Theresa D. Stevens ("Plaintiff"), on behalf of herself and all others similarly situated, complains of the actions of Defendant, Amazon.com, Inc. d/b/a Zappos.com ("Defendant"), and respectfully alleges the following:

## NATURE OF THE CASE

1.      This is a consumer class action lawsuit brought by Plaintiff, individually and on behalf of over 24 million similarly situated persons (*i.e.*, the Class Members), whose Zappos.com personal customer account information ("PCAI"), including names, account numbers, passwords, e-mail addresses, billing and shipping addresses, phone numbers and the last four digits of credit cards used to make purchases, was stolen by hackers who gained access to Zappos.com's internal network through the company's unprotected servers located in western Kentucky.

2.      Defendant was entrusted with, among other things, safeguarding Plaintiff's and Class Members' PCAI.  In violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.*

("FCRA"), Defendant failed to adopt and maintain adequate procedures to protect such information and limit its dissemination only for the permissible purposes set forth in FCRA. As a direct and/or proximate result of Defendant's willful, reckless and/or grossly negligent violations of FCRA, an unauthorized third party obtained Plaintiff's and Class Members' PCAI for no permissible purpose under FCRA.

3.       Defendant's wrongful actions and/or inaction also constitute common law invasion of privacy by the public disclosure of private facts and common law negligence.

4.       Plaintiff, on behalf of herself and the Class Members, seeks (i) actual damages, economic damages, mental anguish damages, statutory damages and/or nominal damages, (ii) exemplary damages, (iii) injunctive relief, and (iv) attorneys' fees, litigation expenses and costs.

### JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over Plaintiff's FCRA claims pursuant to (i) 28 U.S.C. § 1331 (federal question) and (ii) 28 § 1332(d) (CAFA) because (a) there are 100 or more Class Members, (b) at least one Class Member is a citizen of a state that is diverse from Defendant's citizenship, and (c) the matter in controversy exceeds $5,000,000 USD exclusive of interest and costs.  This Court also has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  This Court has personal jurisdiction over Defendant because at all relevant times, Defendant conducted (and continues to conduct) substantial business in the Western District of Kentucky.

6.       On information and belief, the unprotected Zappos.com server through which the data thieves gained access to the Zappos.com network and stole Plaintiff's and Class Members' PCAI is located in Shepherdsville, Kentucky.  Accordingly, venue is proper in the

Western District of Kentucky pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part, if not all, of the events giving rise to this action occurred in the Western District of Kentucky and Defendant resides, is located, can be found, and/or conducts substantial business, in the Western District of Kentucky.

## PARTIES

7.     Plaintiff, Theresa D. Stevens, is a resident of the City of Beaumont, State of Texas.  On January 16, 2012, Plaintiff received an e-mail from Zappos.com notifying Plaintiff that her PCAI had been stolen and/or compromised as part of the Zappos.com data breach.

8.     Defendant, Amazon.com, Inc., is a Delaware corporation with its principal place of business in the City of Seattle, State of Washington.  Founded in 1999, Zappos.com is an online shoe and apparel retailer currently based in the City of Henderson, State of Nevada. Zappos.com was acquired by Amazon.com, Inc. in 2009 and, on information and belief, operates as an unincorporated division of Amazon.com, Inc.  Amazon.com, Inc.'s corporate headquarters is located at 410 Terry Avenue North, Seattle, Washington 98109-5210. Amazon.com, Inc. d/b/a Zappos.com may be served with Summons and a copy of this Class Action Complaint and Jury Demand by serving its designated registered agent, which is CSC-Lawyers Incorporating Service Company, 421 W. Main St., Frankfort, Kentucky 40601.

## BACKGROUND FACTS

9.     On January 16, 2012, Plaintiff and over 24 million Class Members received an e-mail from Zappos.com notifying them that their PCAI had been stolen and/or compromised.

10.     According to Tony Hsieh, the Zappos.com CEO, Plaintiff's and Class Members' PCAI including, *inter alia*, their names, account numbers, passwords, e-mail addresses, billing

and shipping addresses, phone numbers, and the last four digits of the credit cards used to make purchases, was stolen by hackers who gained access to Zappos.com's internal network through its unprotected servers located in, on information and belief, Shepherdsville, Kentucky.

11.    As a result of Defendant's failure to properly secure its servers and safeguard Plaintiff's and Class Members' PCAI, Plaintiff's and Class Members' privacy has been invaded. Plaintiff and Class Members will now be required to take the time to change the passwords on their Zappos.com accounts (as recommended by Zappos.com), change the passwords "on any other web site where [Plaintiff and Class Members] use the same or a similar password" (as further recommended by Zappos.com), and change other elements of their compromised PCAI. Also, Plaintiff and Class Members now face a greater risk of identity theft—including, but not limited to, identity theft from "phishing" and "pharming."

12.    Identity theft occurs when a person's personally identifying information, such as the person's name, e-mail address, billing and shipping addresses, phone number and credit card information is used without his or her permission to commit fraud or other crimes. *See* Federal Trade Commission, Fighting Back against Identity Theft. *See also* www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html (Oct. 19, 2011).

13.    The Federal Trade Commission estimates that the identities of as many as 9 million Americans are stolen each year. *Id.*

14.    "Phishing" is a form of online identity theft that lures consumers into divulging their personal financial information to fraudulent websites, also known as spoofed websites. For example, a phisher sends an email message to an unsuspecting victim instructing him to click on the link to a bank's website (provided in the email) to confirm the consumer's account

information.  Unbeknownst to the consumer, the website is a convincing fake or copy of the

authentic website.  The unsuspecting customer takes the bait and provides the information,

thereby enabling the phisher to steal his or her personal financial information.  The phisher can

then use this information to clean out the victim's bank accounts or commit other forms of

identity theft.

15.    "Pharming" is similar to phishing but more sophisticated.  Pharmers also send

e-mails.  Consumers, however, can be duped by the pharmer without even opening an e-mail

attachment.  A consumer compromises his or her personal financial information simply by

opening the e-mail message.  The pharming e-mail message contains a virus (or Trojan horse)

that installs a small software program on the user's computer.  Thereafter, when the consumer

tries to visit an official website, the pharmer's software program redirects the browser to the

pharmer's fake version of the website.  In this way, the pharmer is able to capture the personal

financial information that the consumer enters into the counterfeit website, thereby

compromising the consumer's account.

16.    As a direct and/or proximate result of the Zappos.com data breach, the hacker(s)

and/or their customers (there is a robust international market for information such as the

purloined PCAI) now have Plaintiff's and Class Members' PCAI, as well as the knowledge that

Plaintiff and Class Members are accustomed to receiving emails from Zappos.com. This, in turn,

makes Plaintiff and Class Members much more likely to respond to requests from Zappos.com

for more personal information, such as bank account numbers, login information or even Social

Security numbers.  As such, consumers—such as Plaintiff and Class Members—are more likely

to unknowingly give away their sensitive personal information to "phishing" and "pharming"

thieves who specialize in constructing spoof websites and emails that mirror the brand they're spoofing—such as Zappos.com and/or other popular online retailers and financial institutions.

17.    According to the Federal Trade Commission, "Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of negative information on their credit reports. In rare cases, they may even be arrested for crimes they did not commit."

18.    Identity theft crimes often involve more than just crimes of financial loss, such as various types of government fraud (such as obtaining a driver's license or official identification card in the victim's name but with their picture), using a victim's name and Social Security number to obtain government benefits, and/or filing a fraudulent tax return using a victim's information. Identity thieves also obtain jobs using stolen Social Security numbers, rent houses and apartments and/or obtain medical services in a victim's name. Identity thieves also have been known to give a victim's personal information to police during an arrest, resulting in the issuance of an arrest warrant in the victim's name and an unwarranted criminal record.

19.    Defendant's wrongful actions and/or inaction here directly and/or proximately caused the theft and dissemination into the public domain of Plaintiff's and Class Members' PCAI without their knowledge, authorization and/or consent. As a further direct and/or proximate result of Defendant's wrongful actions and/or inaction, Plaintiff and Class Members have suffered, and will continue to suffer, damages including, without limitation, loss of the unencumbered use of their extant passwords and the loss of their passwords, expenses for

credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

20.     Although in its e-mails to Plaintiff and Class Members, Zappos.com recommended that they reset their Zappos.com account passwords and change the passwords "on any other web site where [they] use the same or a similar password," to date, Defendant has not offered Plaintiff and Class Members any compensation or direct personal protection from the data breach—such as credit monitoring services and/or identity theft insurance. This case has resulted.

## CLASS ACTION ALLEGATIONS

21.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action as a national class action on behalf of herself and the following Class of similarly situated individuals:

> All persons whose Zappos.com personal customer account information including, *inter alia*, name, account number, password, e-mail address, billing and shipping addresses, phone number, and the last four digits of the credit cards used to make purchases, was stolen by hackers who gained access to Zappos.com's internal network through unprotected servers located in Kentucky.

22.     The Class specifically excludes Defendant and its officers, directors, agents and/or employees, the Court and Court personnel.

23.     The putative Class is comprised of over 24 million persons, making joinder impracticable.  Disposition of this matter as a class action will provide substantial benefits and efficiencies to the Parties and the Court.

24.     The rights of each Class Member were violated in a virtually identical manner as a result of Defendant's willful, reckless and/or negligent actions and/or inaction.

25.     Questions of law and fact common to all Class Members exist and predominate over any questions affecting only individual Class Members including, *inter alia*:

a)      Whether Defendant violated FCRA by failing to properly secure and transport Plaintiff's and Class Members' PCAI;

b)      Whether Defendant violated FCRA by failing to encrypt Plaintiff's and Class Members' PCAI in accordance with federal standards;

c)      Whether Defendant willfully, recklessly and/or negligently failed to maintain and/or execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and Class Members' PCAI;

d)      Whether Defendant was negligent in storing Plaintiff's and Class Members' PCAI;

e)      Whether Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in protecting and securing their PCAI;

f)      Whether Defendant breached its duty to exercise reasonable care in failing to protect and secure Plaintiff's and Class Members' PCAI;

g)      Whether Defendant was negligent in failing to secure Plaintiff's and Class Members' PCAI;

h)      Whether by publicly disclosing Plaintiff's and Class Members' PCAI without authorization, Defendant invaded Plaintiff's and Class Members' privacy; and

i)      Whether Plaintiff and Class Members sustained damages as a result of Defendant's failure to secure and protect their PCAI.

26.     Plaintiff and their counsel will fairly and adequately represent the interests of Class Members.  Plaintiff has no interests antagonistic to, or in conflict with, Class Members'

interests. Plaintiff's lawyers are highly experienced in the prosecution of consumer class action and data breach cases.

27.     Plaintiff's claims are typical of Class Members' claims in that Plaintiff's claims and Class Members' claims all arise from Defendant's failure to properly secure and protect their PCAI.

28.     A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiff's and Class Members' claims.  Plaintiff and Class Members have been irreparably harmed as a result of Defendant's wrongful actions and/or inaction.  Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Defendant's failure to secure and protect Plaintiff's and Class Members' PCAI.

29.     Class certification, therefore, is appropriate pursuant to FED. R. CIV. P. 23(b)(3) because the above common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30.     Class certification also is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

31.     The expense and burden of litigation would substantially impair the ability of Class Members to pursue individual lawsuits in order to vindicate their rights.  Absent a class action, Defendant will retain the benefits of its wrongdoing despite its serious violations of the law.

## CLAIMS FOR RELIEF/CAUSES OF ACTION

## COUNT I

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

32.     The preceding factual statements and allegations are incorporated herein by reference.

33.     FCRA requires consumer reporting agencies to adopt and maintain procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information.  15 U.S.C. § 1681(b).

34.     FCRA defines a "consumer reporting agency" as:

> Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

35.     FCRA defines a "consumer report" as:

> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes, or any other purpose authorized under [15 U.S.C. §] 1681(b).

15 U.S.C. § 1681a(d)(1).

36.     Defendant is a Consumer Reporting Agency as defined under FCRA because on a cooperative nonprofit basis and/or for monetary fees, Defendant regularly engages, in whole or in part, in the practice of assembling information on consumers for the purpose of furnishing Consumer Reports to third parties and/or uses interstate commerce for the purpose of preparing and/or furnishing Consumer Reports.

37.     As a Consumer Reporting Agency, Defendant was (and continues to be) required to adopt and maintain procedures designed to protect and limit the dissemination of consumer credit, personnel, insurance and other information in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information.   Defendant, however, violated FCRA by failing to adopt and maintain such protective procedures which, in turn, directly and/or proximately resulted in the theft and wrongful dissemination of Plaintiff's and Class Members' PCAI into the public domain.

38.     Defendant's violation of FCRA, as set forth above, was willful or, at the very least, reckless.

39.     As a direct and/or proximate result of Defendant's willful and/or reckless violations of FCRA, as described above, Plaintiff's and Class Members' PCAI was stolen and made accessible to unauthorized third parties in the public domain.

40.     As a further direct and/or proximate result of Defendant's willful and/or reckless violations of FCRA, as described above, Plaintiff and Class Members were (and continue to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy and other

economic and non-economic harm.   Defendant's wrongful actions and/or inaction violated FCRA.

41.   Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages including, *inter alia*, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, and other economic and non-economic harm, or statutory damages of not less than $100, and not more than $1000, each, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681n(a).

## COUNT II

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

42.   The preceding factual statements and allegations are incorporated herein by reference.

43.   Defendant owed a duty to Plaintiff and Class Members to safeguard and protect their PCAI. In the alternative, and as described above, Defendant negligently violated FCRA by failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiff's and Class Members' PCAI for the permissible purposes outlined by FCRA which, in turn, directly and/or proximately resulted in the theft and wrongful dissemination of Plaintiff's and Class Members' PCAI into the public domain.

44.   It was reasonably foreseeable that Defendant's failure to maintain procedures to protect and secure Plaintiff's and Class Members' PCAI would result in an unauthorized third party gaining access to their PCAI for no permissible purpose under FCRA.

45.     As a direct and/or proximate result of Defendant's negligent violations of FCRA, as described above, Plaintiff's and Class Members' PCAI was stolen and made accessible to unauthorized third parties in the public domain.

46.     As a further direct and/or proximate result of Defendant's negligent violations of FCRA, as described above, Plaintiff and the Class Members were (and continue to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm. Defendant's wrongful actions and/or inaction violated FCRA.

47.     Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages, including, *inter alia*, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, and other economic and non-economic harm, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681o(a). ·

## COUNT III

## NEGLIGENCE

48.     The preceding factual statements and allegations are incorporated herein by reference.

49.     Defendant owed a duty to Plaintiff and Class Members to safeguard and protect their PCAI.

50.     Defendant breached its duty by failing to exercise reasonable care in its safeguarding and protection of Plaintiff's and Class Members' PCAI.

51.     It was reasonably foreseeable that Defendant's failure to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' PCAI would result in an unauthorized third party gaining access to such information for no lawful purpose.

52.     Plaintiff and the Class Members were (and continue to be) damaged as a direct and/or proximate result of Defendant's failure to secure and protect their PCAI in the form of, *inter alia*, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm—for which they are entitled to compensation.

53.     Defendant's wrongful actions and/or inaction (as described above) constituted (and continue to constitute) negligence at common law.

## COUNT IV

### INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

54.     The preceding factual statements and allegations are incorporated herein by reference.

55.     Plaintiff's and Class Members' PCAI were (and continue to be) private information.

56.     Defendant's failure to secure and protect Plaintiff's and Class Members' PCAI directly resulted in the public disclosure of such private information.

57.     Dissemination of Plaintiff's and Class Members' PCAI is not of a legitimate public concern; publicity of their PCAI would be, is and will continue to be, offensive to Plaintiff, Class Members, and other reasonable people.

58.     Plaintiff and the Class Members were (and continue to be) damaged as a direct and/or proximate result of Defendant's invasion of their privacy by publicly disclosing their private facts (*i.e.*, their PCAI) in the form of, *inter alia*, expenses for credit monitoring and

identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm—for which they are entitled to compensation. At the very least, Plaintiff and the Class Members are entitled to nominal damages.

59.     Defendant's wrongful actions and/or inaction (as described above) constituted (and continue to constitute) an invasion of Plaintiff's and Class Members' privacy by publicly disclosing their private facts (*i.e.*, their PCAI).

### RELIEF REQUESTED

60.     The preceding factual statements and allegations are incorporated herein by reference.

61.     **DAMAGES.** As a direct and/or proximate result of Defendant's wrongful actions and/or inaction (as described above), Plaintiff and Class Members suffered (and continue to suffer) damages in the form of, *inter alia*, loss of unencumbered use of extant passwords and loss of passwords, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm—for which they are entitled to compensation. Plaintiff and Class Members also are entitled to recover statutory damages and/or nominal damages. Plaintiff's and Class Members' damages were foreseeable by Defendant and exceed the minimum jurisdictional limits of this Court. All conditions precedent to Plaintiff's and Class Members' claims have been performed and/or occurred.

62.     **EXEMPLARY DAMAGES.** Plaintiff and Class Members also are entitled to exemplary damages as punishment and to deter such wrongful conduct in the future. All conditions precedent to Plaintiff's and Class Members' claims have been performed and/or occurred.

63. **INJUNCTIVE RELIEF.** Plaintiff and Class Members also are entitled to injunctive relief in the form of, without limitation, (i) credit monitoring, (ii) identity theft insurance, and (iii) requiring Defendant to submit to periodic compliance audits by a third party regarding the security of consumers' PCAI in its possession, custody and control. All conditions precedent to Plaintiff's and Class Members' claims for relief have been performed and/or occurred.

64. **ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS.** Plaintiff and Class Members also are entitled to recover their attorneys' fees, litigation expenses, and court costs in prosecuting this action pursuant to, *inter alia*, 15 U.S.C. §§ 1681n(a); o(a). All conditions precedent to Plaintiff's and Class Members' claims for relief have been performed and/or occurred.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class Members, respectfully requests that (i) Defendant be cited to appear and answer this lawsuit, (ii) this action be certified as a Class Action, (iii) Plaintiff be designated the Class Representative, and (iv) Plaintiff's counsel be appointed as Class Counsel. Plaintiff, on behalf of herself and the Class Members, further requests that upon final trial or hearing, judgment be awarded against Defendants, in favor of Plaintiff and the Class Members, for:

(i)     actual damages, consequential damages, FCRA statutory damages and/or nominal damages (as described above) in an amount to be determined by the trier of fact;

(ii)    exemplary damages:

(iii)   injunctive relief as set forth above;

(iv)    pre- and post-judgment interest at the highest applicable legal rates;

(v)     attorneys' fees and litigation expenses incurred through trial and any appeals;

(iv)    costs of lawsuit; and

(v)     such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and the Class Members, respectfully demands a trial by jury of any and all of her claims and causes of action so triable.

Dated: January 16, 2012

Respectfully submitted,

/s/  Mark K. Gray

Mark K. Gray
GRAY & WHITE
713 E. Market Street, Second Floor
Louisville, Kentucky  40202
Telephone: (502) 805-1800
Facsimile: (502) 618-4059
E-mail: mgray@grayandwhitelaw.com

**Counsel for Plaintiff and the Putative Class**

**Of Counsel:**

Ben Barnow
Erich P. Schork
Blake A. Strautins
BARNOW AND ASSOCIATES, P.C.
One N. LaSalle Street, Suite 4600
Chicago, Illinois  60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504
E-mail: b.barnow@barnowlaw.com
E-mail: e.schork@barnowlaw.com
E-mail: b.strautins@barnowlaw.com

Richard L. Coffman
THE COFFMAN LAW FIRM
First City Building
505 Orleans Street, Suite 505
Beaumont, Texas  77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rc@cofflaw.com



**GRAY & WHITE**

713 East Market Street, Second Floor
Louisville, KY 40202

CERTIFIED MAIL

7010 3090 0003 5988 4207

CSC-Lawyers Incorporating Service Company

421 West Main Street

Frankfort, KY 40601

40601181815

UNITED STATES POSTAGE
PITNEY BOWES
$ 005.790
02 1P
0001691664  JAN 18 2012
MAILED FROM ZIP CODE 40202