BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ZAPPOS.COM, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2357 |

**MEMORANDUM IN SUPPORT OF DAHLIA HABASHY'S INTERESTED PARTY RESPONSE TO DEFENDANT ZAPPOS.COM, INC.'S MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT OF NEVADA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407, INCLUDING ARGUMENT FOR TRANSFER TO THE DISTRICT OF NEVADA OR, IN THE ALTERNATIVE, TO THE DISTRICT OF MASSACHUSETTS**

Dahlia Habashy, the Named Plaintiff in Dahlia Habashy v. Amazon.com Inc. d/b/a Zappos.com, District of Massachusetts Case No. 1:12-cv-10145 ("Habashy v. Amazon"), one of the Related Actions,[1] submits the following interested party memorandum in response to the Motion for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 ("Motion") filed by Defendant Zappos.com, Inc. ("Zappos" or "Defendant" or "the Company").[2]

---

[1] The filed federal actions are: (1) In re: Zappos.com, Inc., Customer Data Security Breach Litigation, District of Nevada Case No. 2:12-cv-00182, which consolidates: (a) Stephanie Priera v. Amazon, Inc., d/b/a Zappos.com, District of Nevada Case No. 2:12-cv-00182, (b) Robert Ree v. Amazon, Inc., d/b/a Zappos.com, District of Nevada Case No. 3:12-cv-00072, (c) Shari Simon, et al. v. Amazon, Inc., d/b/a Zappos.com, District of Nevada Case No. 2:12-cv-00232; (2) Dahlia Habashy v. Amazon.com Inc. d/b/a Zappos.com, District of Massachusetts Case No. 1:12-cv-10145, (3) Sylvia St. Lawrence v. Zappos.com, Inc., Southern District of Florida Case No. 0:12-cv-60133, (4) Josh Richards v. Amazon.com, Inc. d/b/a Zappos.com., Middle District of Florida Case No. 6:12-cv-00212, (5) Theresa D. Stevens v. Amazon.com Inc. d/b/a/ Zappos.com Inc. Western District of Kentucky Case No. 3:12-cv-00032, (6) Stacy Penson v. Amazon.com Inc. d/b/a/ Zappos.com Inc. Western District of Kentucky Case No. 3:12-cv-00036, and (7) Tara J. Elliot, et al. v. Amazon.com Inc. d/b/a/ Zappos.com Inc. Western District of Kentucky Case No. 3:12-cv-00037 (collectively, "Related Actions"). In addition, an action has been filed in Nevada State Court: Metoyer v. Zappos Development, Inc., Clark County Case No. A-12-655516-C.

[2] The complaint in Habashy v. Amazon, and every complaint but one, named Amazon.com, Inc. ("Amazon") the corporate parent of Zappos, as a Defendant. Although Ms. Habashy accepts Zappos' representation that Zappos is an independent company for purposes of this motion, Ms.

## PRELIMINARY STATEMENT

All of the Related Actions share one common theory and factual allegation: that Zappos, a company headquartered in Nevada, negligently failed to properly safeguard its customers' confidential personal identifying information, in violation of its binding commitment to its customers. Zappos' negligence allowed hackers to obtain Zappos' customers' personal identifying information ("data breach"), including, *inter alia*, names, account numbers, passwords, email addresses, billing and shipping addresses, phone numbers and the last four digits of the credit cards customers used to make purchases from Zappos ("personal identifying information"). The hackers are likely to use this personal identifying information to commit identity theft against Zappos' customers. Accordingly, Ms. Habashy and other victims of the data breach have been forced to take remedial actions to guard against identity theft.

Defendant has moved to transfer all federal actions to the District of Nevada. Defendant's motion to transfer to Nevada is well-taken, because Nevada is the forum with an overwhelming interest in presiding over this dispute. Ms. Habashy supports transfer to the District of Nevada for the following reasons, *inter alia*:

- Three of the Related Actions were filed in the District of Nevada and a fourth action has been filed in Nevada State Court. No other potential transferee forum has more Related Actions than Nevada.

- The Nevada actions are the most advanced of any of the Related Actions; the three federal Nevada actions have been consolidated into one action, captioned as In Re Zappos Security Breach Litigation, Case No. 2:12-cv-00182. A Consolidated Amended Complaint (the "Nevada Consolidated Amended Complaint") has been filed in that matter. The Nevada Consolidated Amended Complaint is 25 pages and is by far the most comprehensive complaint in any of the Related Actions.

---

Habashy has not withdrawn her claims against Amazon. Significantly, Amazon is headquartered in Washington, a state that borders on Nevada.

2

- Zappos' corporate headquarters are in Las Vegas, Nevada and a majority of the witnesses will likely be in Nevada.

- Amazon, a Defendant that is named in all but one of the Related Actions, has headquarters in Washington State; Nevada is far more accessible to Amazon witnesses than any other likely potential forum.

- The District of Nevada has two courthouses, both of which are located near international airports that are at least three times larger than the airport nearest to the Western District of Kentucky.

- The Consolidated Nevada action, In Re Zappos Security Breach Litigation, is venued in Nevada's Southern District, which is located in Las Vegas. Las Vegas' McCarran International Airport ("McCarran Airport"), a centrally located international transportation hub that ranks as the ninth largest airport in the United States and the twenty-second largest airport in the world, is a short taxi cab ride away from the federal courthouse. See Wikipedia Page for McCarran International Airport, available at http://en.wikipedia.org/wiki/McCarran_International_Airport.

- In contrast, Louisville International Airport ("Louisville Airport"), the airport nearest to the Western District of Kentucky, handles approximately 1.7 million passengers annually, a total that is less than 5% of the number of passengers accommodated by Las Vegas' McCarran airport. See Wikipedia Page for Louisville International Airport, available at http://en.wikipedia.org/wiki/Louisville_International_Airport.

- Judge Edward C. Reed, the Judge who consolidated the federal Nevada actions and before whom In Re Zappos Security Breach Litigation is pending, is a greatly respected and highly experienced jurist who is very capable of conducting MDL proceedings.

However, in the event that this Panel decides to send the Related Actions to a forum other than Nevada, the District of Massachusetts is the strongest alternative choice for the following reasons, *inter alia*:

- Habashy v. Amazon is venued in Boston. Boston's Logan International Airport ("Logan") is the 19th largest airport in the United States, and accommodates 28 million passengers annually. See Wikipedia Page for Logan International Airport, available at http://en.wikipedia.org/wiki/Logan_International_Airport. Although significantly smaller than Las Vegas' McCarran Airport, Logan is approximately 15 times larger than Louisville Airport. Direct flights are regularly available between Logan and McCarran Airport and Louisville Airport. Accordingly, the District of Massachusetts will be relatively convenient for the many witnesses

3

who will be forced to travel if the Panel sends these cases to a forum other than the District of Nevada.

- The docket for the District of Massachusetts is favorable. For example, judges in the District of Massachusetts had an average of 273 pending cases in 2011, as compared to 365 in the Western District of Kentucky. See Federal Court Management Statistics at 39, 73, available at http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2011/District FCMS Profiles September 2011.pdf.[3] Similarly, civil actions in the District of Massachusetts are resolved in an average of 9 months, as compared to 10 months in the Western District of Kentucky. See id.

- Judge Richard G. Stearns, the Judge before whom Habashy v. Amazon is pending, is a greatly respected and highly experienced jurist who is very capable of conducting MDL proceedings. Indeed, Judge Stearns is experienced in managing MDL litigation. See In re JP Morgan Chase Loan Modification Litig., MDL 2290, 2011 WL 4889252 (Oct. 11, 2011); In re Wellnx Mktg. & Sales Practices Litig., MDL1861, 2007 WL 2602128 (Aug. 31, 2007); In re Lupron Mktg. & Sales Practices Litig., 245 F. Supp. 2d 280, 283 (D. Mass. 2003).

## ARGUMENT

Pursuant to 28 U.S.C. § 1407, transfer and consolidation of the numerous Related Actions is appropriate because: (a) the Related Actions involve common factual questions; (b) transfer to the District of Nevada or, to a lesser extent, the District of Massachusetts will promote the just and efficient conduct of these actions; and (c) transfer to the District of Nevada and, to a lesser extent, the District of Massachusetts will further the convenience of the parties and the witnesses. See, e.g., 28 U.S.C. § 1407(a); Manual on Complex Litigation, Fourth ¶ 20.13 at 220 (2004).

---

[3] There are two judicial vacancies on the District of Massachusetts, but a nomination has been made and it is expected that one of the vacancies will be filled relatively shortly. See Vacancies and Pending Judicial Nominations, available at http://judicialnominations.org/judicial-vacancies. Once the nominee is confirmed, caseloads in the District of Massachusetts should decrease further. Similarly, although there are two judicial vacancies on the District of Nevada, nominations have been made and it is expected that both of the vacancies will be filled relatively shortly. See id. In contrast, no nomination has been made for the pending vacancy on the Western District of Kentucky. See id.

4

## I. Consolidation And Transfer of the Related Actions Is Appropriate

### A. The Related Actions Involve Common Questions of Fact and Law

The first requirement of Section 1407 – that the actions to be transferred involve common questions of fact – is clearly satisfied. All of the filed actions share the same primary factual and legal issues, to wit, whether the following was unlawful: Defendant's conduct in negligently failing to protect and allowing the disclosure of its customers' personal identifying information. Certain of the actions also address whether Defendant's conduct in failing to properly respond to the breach caused by its negligent security was unlawful.

Although Zappos guarantees its customers that "you're absolutely safe while you shop," this contractual guarantee is false. Zappos failed to properly encrypt the confidential information provided by its customers. As a result of Zappos' deficient security, hackers were able to obtain the confidential information of over 24 million class members in January of 2012. Zappos responded to the data breach by shutting down its Nevada call center, rather than appropriately notifying the victims that their personal identifying information had been wrongly disclosed. These common facts form the basis of all of the pending actions.

Similarly, although plaintiffs in the different actions do not advance identical legal theories, the actions involve similar claims and will likely involve similar defenses.[4]

---

[4] There are several significant differences between the Related Actions. Most notably, the Nevada Consolidated Amended Complaint is by far the strongest operative complaint. Not only is the Nevada Consolidated Amended Complaint the most factually detailed complaint and the complaint that contains the most plaintiffs, it is also by far the most legally sophisticated complaint, alleging 8 well-researched causes of action. The Massachusetts Complaint is also a well-reasoned complaint.

5

B. **Consolidation and Transfer to the District of Nevada or the District of Massachusetts Will Promote the Just and Efficient Conduct of These Actions and Serve the Convenience of the Parties and Witnesses**

Consolidating and transferring these related actions to the District of Nevada will best promote the just and efficient conduct of these actions and serve the convenience of the parties and witnesses. See, e.g., In re Internal Revenue Serv. Tax Deferred Exch. Litig., MDL 1878, 2007 WL 3119287 at *1 (Oct. 18, 2007) (transferring related actions to the District of Nevada because the "District of Nevada will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation").

However, in the event that this Panel sends the case to a location other than the District of Nevada, the District of Massachusetts is the best choice out of the remaining forums in which Related Actions have been filed because of Judge Stearns' experience level, the ease of travel to the district, and the geographically dispersed nature of the plaintiffs in the Related Actions. See In re Wellnx Mktg. & Sales Practices Litig., MDL1861, 2007 WL 2602128 at *1 (Aug. 31, 2007) ("We are persuaded that the District of Massachusetts is an appropriate transferee forum for this docket. Defendants are located in Toronto, Canada, while plaintiffs are scattered across the United States. Given the geographic dispersal of the constituent actions and the potential tag-along actions, the District of Massachusetts offers a relatively convenient forum for this litigation, along with an experienced MDL transferee judge [Judge Stearns] to steer this litigation on a prudent course").

## CONCLUSION

The factors set forth in 28 U.S.C. §1407(a) favor consolidation and transfer of the Related Actions to the United States District Court for the District of Nevada or, in the alternative, to the District of Massachusetts, but not to the Western District of Kentucky. For

6

each of the above-stated reasons, consolidation and transfer of all Related Actions to the District of Nevada or the District of Massachusetts is appropriate.

Respectfully submitted,

Dated: March 21, 2012

By: /s/ Jeremiah Frei-Pearson

Jeffrey I. Carton (*pro hac vice*)
D. Greg Blankinship
Jeremiah Frei-Pearson (*pro hac vice*)
**MEISELMAN DENLEA PACKMAN CARTON & EBERZ, P.C.**
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 517-5000
Fax: (914) 517-5055
jcarton@mdpcelaw.com
gblankinship@mdpcelaw.com
jfrei-pearson@mdpcelaw.com

***Counsel for Plaintiff and the Class***