BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In Re: )
 ) MDL Docket No. 2357
Zappos.com, Inc., Customer )
Data Security Data Breach Litigation )
 )

**RESPONSE OF THE STEVENS PLAINTIFFS
TO DEFENDANT ZAPPOS.COM, INC.'S MOTION FOR TRANSFER OF
ACTIONS TO THE DISTRICT OF NEVADA, AND IN SUPPORT OF TRANSFER OF
ACTIONS TO THE WESTERN DISTRICT OF KENTUCKY FOR COORDINATED
OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

*Attorney for Plaintiff Theresa D. Stevens*

E. Kirk Wood, Jr.
Wood Law Firm LLC
P.O. Box 382434
Birmingham, AL 35238-2434
Telephone: (205) 612-3905
Facsimile: (866) 747-3905

*Attorney for Plaintiffs Tara J. Elliot, Brooke C. Brown, and Christa Seal*

Timothy G. Blood
Thomas J. O'Reardon II
Blood Hurst & O'Reardon LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101

*Attorneys for Plaintiffs Denise Relethford and Emily E. Braxton*

Lance A. Harke, P.A.
Harke Clasby & Bushman LLP
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

*Attorney for Plaintiff Stacy Penson*

J. Andrew Meyer
Morgan & Morgan, PA
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

*Attorney for Plaintiff Josh Richards*

Plaintiff Theresa D. Stevens, by and through counsel, supported by Plaintiffs Stacy Penson, Tara J. Elliot, Brooke C. Brown, Christa Seal, Josh Richards, Denise Relethford, and Emily E. Braxton, by and through their counsel (collectively, "the Stevens Plaintiffs"),[1] hereby files this Response to Defendant Zappos.com, Inc.'s Motion for Transfer of Actions to the District of Nevada, and in Support of Transfer of Actions to the Western District of Kentucky for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, and in support thereof, states as follows:

**I.      Introduction**

The transfer of actions for coordinated or consolidated pretrial proceedings to serve "convenience of parties and witnesses" and promote "the just and efficient conduct of such actions" is authorized by 28 U.S.C. §1407(a). The ten (10) related actions ("Related Actions") stem from the security breach of Zappos.com's servers and resulting theft of Personal Information, and involve a number of common questions of fact. Thus, transfer of the Related Actions for coordinated or consolidated pretrial proceedings will further the convenience of the parties and witnesses, and will promote the just and efficient conduct and resolution of the Related Actions—a fact the Stevens Plaintiffs and Defendant agree upon.

Although the Stevens Plaintiffs recognize that any of the transferor courts is qualified to preside over the coordinated or consolidated pretrial proceedings of the Related Actions, they

---

[1] The Stevens Plaintiffs are plaintiffs in the following cases: *Stevens v. Amazon.com, Inc. d/b/a Zappos.com*, No. 3:12-cv-00032-CRS-JDM (W.D. Ky.) (filed Jan. 16, 2012); *Penson v. Amazon.com, Inc. d/b/a Zappos.com*, No. 3:12-cv-00036 (W.D. Ky.) (filed Jan. 19, 2012); *Elliott et al. v. Amazon.com, Inc. d/b/a Zappos.com*, No. 3:12-cv-00037-CRS (W.D. Ky.) (filed Jan. 20, 2012); *Richards v. Amazon.com, Inc. d/b/a Zappos.com*, No. 6:12-cv-00212-CEH-KRS (M.D. Fla.) (filed Feb. 9, 2012); and *Relethford et al. v. Amazon.com, Inc. d/b/a Zappos.com, 6PM.com*, No. 3:12-cv-00537-DMS-WMC (S.D. Cal.) (filed March 2, 2012). The *Relethford* action, which alleges consumer claims relating to the Zappos.com data security breach, was filed after Defendant's motion to transfer. It is anticipated that the *Relethford* action will be identified as a related action.

submit that transfer to the Western District of Kentucky is most appropriate because: (1) Louisville, Kentucky's central geographic location and the Louisville courthouse's ready access to Louisville International Airport will serve the convenience of the parties and witnesses in the Related Actions, which are dispersed throughout the country in Florida, Massachusetts, Kentucky, Nevada, and California; (2) the district's docket is favorable when compared to that of District of Nevada—the locale advanced by Defendant; and (3) discovery relevant to the Related Actions is located within the district, as Zappos.com's internal network was accessed through one of the company's servers in Kentucky, and the physical premises where the accessed server is kept and the locale of the building where the server is located are also located within the district.

Moreover, the Honorable Charles R. Simpson, III, who presides over the *Stevens, Penson,* and *Elliot* actions filed in the Western District of Kentucky, is not currently presiding over an MDL and is an experienced jurist more than capable of handling the coordinated or consolidated pretrial phase of the Related Actions. Further, should Judge Simpson view his docket as not conducive to presiding over the Related Actions for coordinated or consolidated pretrial proceedings, the Stevens Plaintiffs suggest, in the alternative, the Honorable Thomas B. Russell, also in the Western District of Kentucky. Judge Russell served as the transferee judge in *In re Countrywide Financial Corporation Customer Data Security Breach Litigation*, MDL 1998, a consumer data security breach matter involving a significant of number of actions filed throughout the country. There, Judge Russell presided over the preliminary and final approval of a settlement between the parties and an objections process relating to such. Judge Russell's experience from the *Countrywide* MDL matter would provide for greater efficiencies here. Thus, the principles underlying 28 U.S.C. § 1407 are best served by transfer of the Related Actions to

the Western District of Kentucky for coordinated or consolidated pretrial proceeding before Judge Simpson or, should Judge Simpson's schedule not permit, Judge Russell.

## II. Factual Background

On January 16, 2012, Zappos.com notified over 24 million individuals, including the Stevens Plaintiffs, through email that their personal customer account information ("Personal Information"), including names, account numbers, passwords, email addresses, billing and shipping addresses, phone numbers, and the last four digits of credit cards used to make purchases, was stolen by hackers who gained access to parts of Zappos.com's internal network through one of the company's servers located in Kentucky.

As the result of Zappos.com's failure to safeguard her and the other putative class members' Personal Information, Plaintiff Theresa D. Stevens filed an action on January 16, 2012, on behalf of herself and all others similarly situated, in the Western District of Kentucky, which is believed to be the first-filed action relating to Defendant's conduct as detailed above. To the Stevens Plaintiffs' knowledge, a total of ten Related Actions have been filed asserting substantially similar claims and seeking almost identical relief.[1]

## III. Transfer of the Related Actions for Coordinated or Consolidated Pretrial Proceedings is Appropriate

Pursuant to 28 U.S.C. § 1407, transfer of matters for coordinated or consolidated pretrial proceedings is appropriate when: (1) the actions involve one or more common questions of fact; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer will promote

---

[1] In addition to the Stevens Plaintiffs' actions, Related Actions include: *Habashy v. Amazon.com Inc. d/b/a Zappos.com*, No. 1:12-cv-10145-RGS (D. Mass.) (filed Jan. 24, 2012); *St. Lawrence v. Zappos.com, Inc.*, No. 0:12-cv-60133-WPD (S.D. Fla.) (filed Jan. 26, 2012); *Priera v. Amazon.com, Inc. d/b/a Zappos.com*, No 2:12-cv-00182-ECR-VCF (D. Nev.) (filed Feb. 2, 2012); *Ree v. Amazon.com, Inc. d/b/a Zappos.com*, No. 3:12-cv-00072-RCJ-WGC (D. Nev.) (filed Feb. 7, 2012); *Simon et al. v. Amazon.com, Inc. d/b/a Zappos.com* (filed Feb. 14, 2012).

the just and efficient conduct of the actions. Here, each of these requirements is easily satisfied.

The common questions of fact are numerous here, including, *inter alia*:

- (a) whether Zappos.com is a Consumer Reporting Agency, as defined by 15 U.S.C. § 1681a(f);

- (b) whether Zappos.com violated FCRA by failing to properly maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlined under FCRA;

- (c) whether Zappos.com violated FCRA when it allowed third parties access to the Stevens Plaintiffs' and the other putative class members' Personal Information;

- (d) whether Zappos.com's conduct was deliberate and/or reckless;

- (e) whether Zappos.com's conduct was negligent;

- (f) whether Zappos.com's conduct constitutes an unfair and/or deceptive trade practice;

- (g) whether Zappos.com was negligent in collecting and storing the Stevens Plaintiffs' and the other putative class members' Personal Information;

- (h) whether Zappos.com took reasonable measures to safeguard the Stevens Plaintiffs' and the other putative class members' Personal Information;

- (i) whether Zappos.com owed a duty to the Stevens Plaintiffs and the other putative class members to protect their Personal Information;

- (j) whether Zappos.com breached its duty to exercise reasonable care in storing and securing the Steven Plaintiffs' and the other putative class members' Personal Information;

- (l) whether Zappos.com was negligent in failing to keep the Stevens Plaintiffs' and the other putative class members' Personal Information secure;

- (m) whether the Stevens Plaintiffs and the other putative class members have sustained damages, and if so, what is the proper measure of those damages;

- (n) whether statutory damages are proper; and

(o) whether injunctive relief is appropriate.

Because these numerous common questions of fact exist, transfer of the Related Actions for coordinated or consolidated pretrial proceeding will allow the parties to avoid duplicative and potentially conflicting pretrial proceedings, reduce the costs of litigation, preserve judicial resources, and allow for the Related Actions to proceed more efficiently. *See In re First Nat. Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Secs. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (transfer and coordination deemed necessary "even though only two actions are involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings"); *In re Multiple Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (same); *see also In re Cement and Concrete Antitrust Litig.*, 437 F. Supp. 750, 752 (J.P.M.L. 1977) (transfer and coordination ordered to avoid inconsistent rulings on class certification). Thus, transfer of the Related Actions for coordinated or consolidated pretrial proceedings is appropriate.

### IV. The Western District of Kentucky is the Most Appropriate Forum for Transfer of the Related Actions for Coordinated or Consolidated Pretrial Proceedings

Although any of the transferor courts is qualified to preside over the coordinated or consolidated pretrial proceedings of the Related Actions, the Stevens Plaintiffs submit that transfer to the Western District of Kentucky will best serve the convenience of the parties and witnesses and conserve judicial resources because: (1) the district's geographically central location and the Louisville courthouse's ready access to Louisville International airport will serve the convenience of the parties and witnesses in this matter involving cases dispersed throughout the nation; (2) the district's docket is favorable to presiding over this MDL matter, particularly when compared to that of the District of Nevada; and (3) discovery relevant to the claims at issue is located within the district.

The Western District of Kentucky's centrally geographic and readily accessible location supports that it is the most suitable jurisdiction for transfer of the Related Actions for coordinated or consolidated pretrial proceedings. The Panel has recognized the importance of a readily accessible and centrally geographic location when related actions are dispersed throughout the country. *See* Multidistrict Litigation Manual § 6.7 (2011) (collecting cases). Here, the Related Actions are filed in Florida, Massachusetts, Kentucky, Nevada, and California and, are thus, geographically dispersed throughout the country. Additionally, the courthouse in the Western District of Kentucky (Louisville) is located in Louisville, Kentucky, a metropolitan area, and is an approximately ten (10) to fifteen (15) minute drive from Louisville International Airport. Thus, coordination or consolidation of the Related Actions in the Western District of Kentucky would serve the convenience of the parties and witnesses.

The Western District of Kentucky's favorable docket also supports transfer of the Related Actions to that district. Judges in the Western District of Kentucky typically have lighter dockets than those in the District of Nevada, with an average of 371 weighted filings per judgeship, compared to 575 weighted filings per judgeship in the District of Nevada. *See* Federal Caseload Statistics at [www.uscourts.gov](http://www.uscourts.gov) (from the period Sept. 30, 2010 to Sept. 30, 2011); *see also In Re: Skechers Toning Shoe Products Liability Litig.*, MDL No. 2308, 2011 WL 6648903, at *2 (J.P.M.L. Dec. 19, 2011) ("the Western District of Kentucky enjoys general docket conditions conducive to the efficient resolution of this litigation"). Additionally, the Honorable Charles R. Simpson, III, currently presides over the *Stevens, Penson,* and *Elliot* cases, which were filed in the Western District of Kentucky, is an experienced jurist more than capable of handling the coordinated or consolidated pretrial proceedings phase of the Related Action and is not currently presiding over an MDL. Or, if for some reason Judge Simpson's schedule would not

accommodate presiding over such proceedings, the Stevens Plaintiffs suggest, in the alternative, Judge Russell, Western District of Kentucky. Judge Russell presided over the coordinated pretrial proceedings in *In re Countrywide Financial Corporation Customer Data Security Breach Litigation*, MDL 1998—a consumer data security breach matter involving a significant number of cases filed throughout the country. There, Judge Russell presided over the preliminary approval and final approval processes, and myriad other issues that were part of these processes, relating to a settlement reached by the parties, and reviewed and overruled objections relating to such. His experiences from the *Countrywide* MDL would provide further efficiencies here.

The Western District of Kentucky's proximity to discovery relevant to the claims at issue in the Related Actions further supports that it would be an appropriate transferee court. The Panel has previously mentioned the asserted presence of discovery within a district relating to a data security breach when ordering related actions transferred to that district for coordinated or consolidated pretrial proceedings. *See In re Heartland Payment Sys., Inc.*, 626 F. Supp. 2d 1336 (J.P.M.L. 2009) ("We are persuaded that the Southern District of Texas is an appropriate transferee forum for this litigation. Defendant and various plaintiffs maintain that discovery related to the data breach will be found in the Southern District of Texas, and Judge Lee H. Rosenthal has the time and experience to steer this litigation on a prudent course."); *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370, 1371 (J.P.M.L. 2011) (

> While a number of the proposed transferee districts would be acceptable, we choose the Southern District of California to serve as the transferee forum for this litigation. Defendants and certain plaintiffs represent that some discovery related to the data breaches, may be located in this district, where defendant Sony Online Entertainment, LLC, is based. Sony employees who may have relevant knowledge of the breaches may also be found in this district. Additionally, the Southern District of California enjoys general docket conditions conducive to the efficient resolution of this litigation.)

Zappos.com has represented that the security breach at issue was the result of a hacker gaining access to parts of the company's internal network through one of its servers located in Kentucky. In addition to the server itself, the physical premises where the server is kept and the locale of the building where the server is located are within the district. The Stevens Plaintiffs' submit that the presence of such discovery within the Western District of Kentucky supports transfer of the Related Actions to the district.

Zappos.com's motion and supporting memorandum filed with the Panel fail to mention the presence of any discovery related to the claims at issue located in the District of Nevada. In support of a motion to transfer filed over two weeks after its briefing with Panel, however, Zappos.com has argued that the Personal Information stolen was taken from a server located in Nevada and that certain security personnel are also located in Nevada. *See* Memorandum in Support of Motion of Zappos.com, Inc. for Transfer Pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 12(b)(3) or, in the alternative, to Stay Pending Transfer to MDL, *Stevens v. Amazon.com, Inc. d/b/a Zappos*.com, No. 3:12-cv-00032-CRS-JDM (W.D. Ky.) [D.E. #21-1]. Zappos.com's failure to raise these purported facts in its submissions to the Panel and the facts themselves, even if viewed in the light most favorable to Zappos.com, would render the location of discovery a neutral factor—a neutrality the Stevens Plaintiffs submit disappears when one considers the centrally geographic and accessible location of the Western District of Kentucky and its favorable docket conditions.

Contrary to Defendant's assertions, a purported venue provision in Zappos.com's terms of service agreement does not support transfer to the District of Nevada. The MDL Statute, 28 U.S.C § 1407(a), authorizes the Panel to transfer actions to "any district" for coordinated or consolidated pretrial proceedings, irrespective of any terms of service provision. The Second

Circuit Court of Appeals has specifically held that Congress's use of the phrase "any district" in the MDL Statute, 28 U.S.C. § 1407(a), was intentional and instructed that courts should not depart from such language. *See In re New York City Municipal Securities Litigation*, 572 F.2d 49, 51 (2d Cir. 1978) (citations omitted).

Here, the purported venue provision does not change that transfer of the Related Actions to the Western District of Kentucky for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote judicial efficiency. *See Sony Gaming Networks and Customer Data Security Breach Litigation*, 802 F. Supp. 2d 1370, 1371 (J.P.M.L. 2011) (transferring actions to the Southern District of California over certain of the plaintiffs' arguments that a purported venue provision in a terms of service agreements supported transfer to the Northern District of California).

## V. Conclusion

For the foregoing reasons, transfer of the Related Actions and any other subsequently filed related cases to the United States District Court for the Western District of Kentucky for coordinated or consolidated pretrial proceedings before the Honorable Charles R. Simpson, III, or, should Judge Simpson's docket not permit, the Honorable Thomas B. Russell, will best serve the convenience of the parties and witnesses and promote judicial efficiency. Thus, the Stevens Plaintiffs, by and through counsel, respectfully request that the Panel transfer the Related Actions to the Western District of Kentucky for coordinated or consolidated pretrial proceedings before Judge Simpson (or alternatively Judge Russell) under 28 U.S.C. § 1407.

Dated: March 21, 2012					Respectfully submitted,

							  /s/ Ben Barnow

							Ben Barnow
							Barnow and Associates, P.C.
							One North LaSalle Street, Suite 4600
							Chicago, Illinois 60602
							Telephone: (312) 621-2000
							Facsimile: (312) 641-5504

							*Attorney for Plaintiff Theresa D. Stevens*
							*Stevens v. Amazon.com, Inc. d/b/a Zappos.com*, No.
							3:12-cv-32 (W.D. Ky.)

							Lance A. Harke, P.A.
							Harke Clasby & Bushman LLP
							9699 NE Second Avenue
							Miami Shores, FL 33138
							Telephone: (305) 536-8220
							Facsimile: (305) 536-8229

							*Attorney for Plaintiff Stacy Penson*
							*Penson v. Amazon.com, Inc. d/b/a Zappos.com,* No.
							3:12:cv-36-CRS (W.D. Ky.)

							E. Kirk Wood, Jr.
							Wood Law Firm LLC
							P.O. Box 382434
							Birmingham, AL 35238-2434
							Telephone: (205) 612-3905
							Facsimile: (866) 747-3905

							*Attorney for Plaintiffs Tara J. Elliot, Brooke C.*
							*Brown, and Christa Seal*
							*Elliot et al. v. Amazon.com, Inc. d/b/a Zappos.com*,
							No. 3:12-cv-37-CRS (W.D. Ky.)

							J. Andrew Meyer
							Morgan & Morgan, PA
							7th Floor
							201 N. Franklin St.
							Tampa, FL 33602
							Telephone: (813) 223-5505
							Facsimile: (813) 223-5402

*Attorney for Plaintiff Josh Richards*
*Richards v. Amazon.com, Inc. d/b/a Zappos.com*,
No. 6:12-cv-212-CEH-KRS (M.D. Fla.)

Timothy G. Blood
Thomas J. O'Reardon II
Blood Hurst & O'Reardon LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101

*Attorneys for Plaintiffs Denise Relethford and Emily E. Braxton*
*Relethford v. Amazon.con, Inc. d/b/a Zappos.com*,
6PM.com, No. 3:12-cv-00537-DMS-WMC (S.D. Cal.)

# CERTIFICATE OF SERVICE

On March 21, 2012, I electronically filed the foregoing document with the Judicial Panel on Multidistrict Litigation using the CM/ECF system, which will automatically serve copies of the document on all registered CM/ECF users.

/s/ Ben Barnow
Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312)621-2000
Facsimile: (312) 641-5504
b.barnow@barnowlaw.com