# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re:<br><br>Zappos.com, Inc., Customer Data Security<br><br>Breach Litigation | MDL Docket No. 2357 |

# REPLY IN SUPPORT OF MOTION OF DEFENDANT ZAPPOS.COM, INC. TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland (CA Bar No. 83013)
Scott M. Pearson (CA Bar No. 173880)
Brian C. Frontino (CA Bar No. 222032)
Jeffrey B. Bell (CA Bar No. 269648)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
Email: lacalendar@stroock.com

*Attorneys for Defendant Zappos.com, Inc., erroneously named as Amazon.com, Inc. d/b/a Zappos.com*

I.      INTRODUCTION

The parties to the Actions[1] all agree that the Actions should be centralized pursuant to 28 U.S.C. § 1407, as there is no dispute that centralization will promote the convenience of witnesses, facilitate discovery, prevent wasteful duplication of effort and avoid inconsistent rulings in multiple forums.  The only dispute among the parties is where the cases should be centralized.  Zappos therefore focuses this Reply solely on the issue of why the Actions should be transferred to the District of Nevada.

Put simply, Nevada is the only venue that would further the objectives of multidistrict litigation.  As detailed in the Motion and below, the Incident took place in Nevada; the vast majority of material witnesses, documents and evidence are located in Nevada; and the Actions have little or no connection to any of the alternative venues proposed by certain parties.  Accordingly, the Panel should grant the Motion and transfer the actions to the District of Nevada for coordinated or consolidated pretrial proceedings.

II.     ARGUMENT

A.      **The District Of Nevada Overwhelmingly Is The Superior Venue.**

Because all parties agree that the Actions all concern the Incident and raise duplicative and overlapping legal and factual questions, the only issue the Panel must decide is which venue will best promote the just and efficient conduct of the proceedings.  See 28 U.S.C. § 1407(a).  As established by the averments of the Motion and confirmed by the accompanying Declaration of Arun Rajan ("Rajan Decl."), Nevada is easily the best forum for the litigation because the Incident took place there and virtually all of the witnesses, documents and evidence also are there.  See David F. Herr, Multidistrict Litigation Manual:  Practice Before the Judicial Panel on Multidistrict Litigation § 4.15 (2011) (noting that declarations are not required but may be submitted

---

[1] Capitalized terms are used herein as defined in the Motion, unless otherwise noted.

1

when helpful to the Panel in addressing factual disputes).[2] Zappos is headquartered in Nevada and virtually all of the Zappos witnesses in this case, including those who responded to the Incident while it was in progress, work at the Zappos headquarters in Henderson, Nevada. See Rajan Decl., ¶¶ 4, 6. The Zappos server from which customer information was accessed is located in Nevada. See id., ¶¶ 3, 8. The servers used for Zappos employee e-mail and shared electronic document storage also are located in Nevada, as are hard-copy documents that might be sought in discovery. See id., ¶ 7. Although Zappos maintains warehouse facilities in Kentucky, no customer data was taken from Zappos servers located there and no Zappos personnel in Kentucky had any meaningful involvement in responding to the Incident. See id., ¶ 8.

Thus, given the overwhelming connection of the Actions to Nevada, and virtually no connection to Kentucky, Massachusetts or Florida, the District of Nevada is the appropriate venue for the requested MDL proceeding.

**B.      Plaintiffs' Arguments For Transfer To Other Districts Are Without Merit.**

Only two of the four responses to the Motion argue for a venue other than Nevada.[3] None of the arguments made in these responses is persuasive.

First, the plaintiffs who argue for venue in Kentucky continue to incorrectly claim that the Incident occurred there. However, the only evidence before the Panel confirms that the server from which customer information was accessed is located in Nevada, not Kentucky; the Zappos data security personnel who responded to and contained the Incident while it was in progress also are located in Nevada; and the post-Incident mitigation efforts undertaken by Zappos also took place in Nevada. See Rajan Decl., ¶¶ 4-5, 8. Thus, the Incident took place in

---

[2] The Rajan Declaration previously was filed in several of the Actions. A copy of it, together with the transfer motion filed in Stevens, is attached hereto as Exhibit A.

[3] The response filed by the plaintiffs in Stevens, Penson, Elliott, Richards and a tag-along action called Relethford, argues for venue in the Western District of Kentucky. The response filed by the plaintiff in St. Lawrence argues for venue in the Southern District of Florida.

2
LA 51527245

Nevada, not Kentucky. Furthermore, as demonstrated above, the witnesses, documents and evidence in the Actions are located almost entirely in Nevada, and not in Kentucky. See id.

Second, it is not true that the Western District of Kentucky's docket is less congested than the District of Nevada's. As the Preira plaintiffs point out, civil cases in the District of Nevada take an average of 8.1 months from filing to disposition, whereas cases filed in the Western District of Kentucky take an average of 10 months from filing to disposition. Response of the Preira Plaintiffs, at 9, n.7. This factor therefore weighs in favor of venue in Nevada, not Kentucky.

Third, the fact that the Western District of Kentucky's courthouse is close to the Louisville airport does not favor venue there. None of the parties resides in Kentucky, and the Zappos warehouse operations in Kentucky are not relevant to the Incident. Thus, were the Actions venued in Kentucky, all of the witnesses would have to travel there. The District of Nevada's courthouse, on the other hand, is located in Las Vegas, Nevada, a short drive from Zappos's headquarters where the Incident took place and where virtually all of the witnesses, documents and other evidence are located. Given that none of the Stevens Plaintiffs reside in Kentucky, they must travel regardless of the MDL court location. Accordingly, Nevada is vastly superior to Kentucky, and transfer to the District of Nevada would best promote the efficient conduct of the Actions.

Finally, there is no merit to the St. Lawrence plaintiff's argument that the Actions should be transferred to the Southern District of Florida based on her correct pleading of the defendant's name. This is simply not a factor any court has found relevant to the analysis, and it should be disregarded. Notably, Florida is quite far from Nevada and it has no connection whatsoever to the Incident.

### III. CONCLUSION

For the foregoing reasons, and those set forth in the Motion, Zappos respectfully requests that the Panel grant the Motion and transfer these actions to the District of Nevada for consolidated or coordinated pretrial proceedings.

Dated: March 28, 2012

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland (CA Bar No. 83013)
Scott M. Pearson (CA Bar No. 173880)
Brian C. Frontino (CA Bar No. 222032)
Jeffrey B. Bell (CA Bar No. 269648)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959
Email: lacalendar@stroock.com


By:   /s/ Scott M. Pearson
       Scott M. Pearson

*Attorneys for Defendant Zappos.com, Inc., erroneously named as Amazon.com, Inc. d/b/a Zappos.com*